Marjorie BARSZ and Carl Barsz,
Appellants–Plaintiffs,

v.

MAX SHAPIRO, INC., d/b/a Shapiro's
Delicatessen Cafeteria, Appellee–
Defendant.

No. 73A01–9206–CV–173.

Court of Appeals of Indiana,
First District.

Oct. 6, 1992.

John S. Keeler, Freihofer, Minton, Keeler & McClamrock, Indianapolis, for appellants-plaintiffs.

John C. Trimble, Robert K. Cowles, Lewis & Wagner, Indianapolis, for appellee-defendant.

BAKER, Judge.

Plaintiff-appellant Marjorie Barsz initiated a negligence action against defendant-appellee Max Shapiro, Inc., d/b/a Shapiro's Delicatessen Cafeteria (Shapiro's), to recover for personal injuries Mrs. Barsz sustained when she slipped and fell while walking in Shapiro's. Mrs. Barsz alleged Shapiro's negligently failed to maintain its floor in a safe condition. Plaintiff-appellant Carl Barsz, Mrs. Barsz's husband, alleged loss of consortium as a result of his wife's injuries.

Shapiro's filed a motion for summary judgment which the trial court granted on the basis that the Barszes could not estab-

lish Shapiro's caused her injury. The Barszes challenge this ruling.

We reverse.

## STATEMENT OF FACTS

On October 28, 1989, at approximately 9:30 a.m., Mr. and Mrs. Barsz were eating breakfast at Shapiro's in Indianapolis. After breakfast, Mrs. Barsz slipped and fell as she walked toward the restroom. Mrs. Barsz testified in her deposition:

Q. And can you tell me in your own words how it happened?

A. I was walking to the bathroom, I had my purse on my shoulder, my sunglasses, because I didn't want to leave anything at the table, and I was just walking normally, wasn't in a hurry or anything, and I slipped on something that was like I was outside on ice or maybe it was grease, and my right foot went out from under me, leaving all of my weight on my left knee when I went down.

Q. Let me ask you this question: you say you slipped on something; is that correct?

A. (Affirmative nod).

*Record* at 81–82. As a result of her fall, Mrs. Barsz sustained multiple injuries, including a broken right ankle and left kneecap.

The Barszes filed suit against Shapiro's on July 12, 1990. On February 20, 1992, the trial court entered summary judgment in favor of Shapiro's, finding that based upon the evidence produced by the discovery process, the Barszes were unable to recover on their negligence claim. On appeal, the Barszes contend there are genuine issues of material fact which should be resolved by the trier of fact.

## DISCUSSION AND DECISION

### A. Standard of Review

■ Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Marathon Petroleum Co. v. Colonial Motel* (1990), Ind.App., 550 N.E.2d 778, 780–81. A fact is "material" if it facilitates the resolution of any of the issues involved. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154. When reviewing a grant of summary judgment, we apply the same standards as the trial court, and examine all pleadings, admissions, answers to interrogatories, depositions, and affidavits filed with the court in the light most favorable to the party opposing the summary judgment motion. *Moore v. Sitzmark Corp.* (1990), Ind.App., 555 N.E.2d 1305, 1306–07.

■ Summary judgment is generally inappropriate in negligence cases. *Ogden Estate v. Decatur County Hospital* (1987), Ind.App., 509 N.E.2d 901, 902, *trans. denied* (citing *Rediehs Express, Inc. v. Maple* (1986), Ind.App., 491 N.E.2d 1006, *cert. denied,* 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762). Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Bischoff Realty, Inc. v. Ledford* (1990), Ind.App., 562 N.E.2d 1321, 1323. Summary judgment is not to be used as an abbreviated trial. *Haase v. Brousseau* (1987), Ind.App., 514 N.E.2d 1291, 1292. Even if the trial court believes the nonmoving party will be unsuccessful at trial, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. *Id.*

### B. Negligence Action

■ The Barszes' action against Shapiro's sounds in negligence. A plaintiff can recover for negligence only if she establishes the defendant breached a duty owed to plaintiff that was the proximate cause of plaintiff's injuries. *Ogden, supra,* at 902. Shapiro's clearly owed Mrs. Barsz a duty to exercise reasonable care. To avoid summary judgment, however, the Barszes must establish specific facts which support an inference that Shapiro's was negligent. *Id.* The Barszes, therefore, must demonstrate (1) there was an object on or defect in Shapiro's floor which caused her to slip and fall, and (2) Shapiro's unreasonably failed

to discover and remedy the hazardous condition.

### 1. Duty

■ As a customer, Mrs. Barsz was unquestionably an invitee. Shapiro's, therefore, owed her a duty to exercise reasonable care for her protection while she remained on the premises. *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637, 639; Restatement (Second) of Torts, sec. 343 (1965).

### 2. Causation

■ Next, the Barszes must demonstrate a genuine issue of material fact exists concerning the presence of an object on or defect in Shapiro's floor. The facts in this case which evidence a defect in Shapiro's floor closely parallel the factual scenario in *Golba v. Kohl's Dept. Store, Inc.* (1992), Ind.App., 585 N.E.2d 14, a recent slip and fall case. There, Mrs. Golba stated in her answers to interrogatories that "she slipped when her heel landed on a rounded object such as a small stone or B–B." *Id.* at 17. As a result of her fall, Mrs. Golba suffered personal injury and subsequently sued the department store for negligence.

This court reversed an order of summary judgment in favor of the department store, holding that unresolved issues of material fact existed. *Id.* Summary judgment was inappropriate because Mrs. Golba demonstrated a material factual issue relating to causation existed when she testified that she slipped on a small stone or a B–B. The court noted that under these circumstances, a finding of negligence would not require "inferential speculation" of the kind denounced in *Ogden Estate, supra,*[1] because "there *is* evidence of a defect in or on the floor—Golba's testimony." *Id.* (original emphasis).

Mrs. Barsz testified in her deposition that she "slipped on something that was like I was outside on ice or maybe it was

grease...." Although Mrs. Barsz did not specifically identify the object or defect that caused her fall, she did testify that she slipped on "something." Therefore, similar to the situation in *Golba,* a finding of negligence would not require "inferential speculation," because Mrs. Barsz's testimony, if believed, establishes the presence of a foreign object on the floor.

The record further reveals a water glass was found on the floor in the area where Mrs. Barsz fell. John Rockelman, the restaurant manager, testified that Mrs. Barsz was carrying a glass at the time she fell, an allegation she denies, but he could not recall if this glass broke when Mrs. Barsz fell. Although Mrs. Barsz does not specifically allege that she slipped on a water glass, Shapiro's presented testimony demonstrating this potentially hazardous object was on the floor. Since all reasonable inferences are drawn in favor of the opponents to a motion for summary judgment, *Bischoff Realty, supra,* a court could reasonably infer that Mrs. Barsz slipped on the glass itself, pieces of the broken glass, or liquid that spilled from the glass. Drawing all inferences in the light most favorable to the Barszes, the conclusion that Mrs. Barsz has raised a genuine issue of material fact concerning the existence of an object on or defect in Shapiro's floor is inescapable. We are now required to determine whether a genuine issue of material fact exists regarding the degree of care exercised by Shapiro's in failing to rectify the defect.

### 3. Breach

■ It is not enough that Mrs. Barsz established the existence of a genuine issue of material fact concerning the presence of a foreign substance on the floor. She must also demonstrate a genuine issue of material fact concerning the question of whether Shapiro's acted unreasonably in allowing the foreign substance to remain on the floor. After all, Indiana law would not hold Shapiro's strictly liable for a fall oc-

---

[1] In *Ogden Estate,* a man who had suffered a fatal head injury was found lying on a hospital restroom floor. All witnesses testified that there was no foreign object or defect on the floor. In fact, as the decedent was alone in the restroom, there was no evidence that he even slipped. Our court found summary judgment in favor of the defendant appropriate, concluding a finding of negligence would require "inferential speculation." *Id.* at 903.

curring before Shapiro's even had a chance to remove the foreign substance from the floor. Shapiro's is not an absolute guarantor of its patrons' safety. It does owe its patrons the obligation to exercise reasonable care to protect them, however. Ordinarily, the determination of whether a host has exercised reasonable care in making his premises safe for an invitee is a question of fact for the jury. *Golba, supra,* at 16.

Here, Rockelman testified that many of the customers are accident-prone and that spills frequently occur at the restaurant. Edward Sexon, the restaurant's general manager, testified that customers periodically spill food and drink on the way from the serving line to their tables, and that it is the responsibility of cafeteria bus personnel to clean these spills. The evidence establishes Shapiro's serves between 1000 and 1800 customers daily. Sexon testified that spills were commonplace. Whether, under these circumstances, Shapiro's was diligent enough in ensuring a reasonably safe floor is a factual issue to be resolved by the trier of fact.

As the movant, Shapiro's bears the burden of demonstrating the lack of a material factual issue. *Jump v. Bank of Versailles* (1992), Ind.App., 586 N.E.2d 873, 875. The pleadings and evidence leave unresolved a number of questions, including whether there was ice, grease, or glass on the floor; whether the floor was inordinately slippery, and if so, whether Shapiro's unreasonably failed to identify and remedy the floor's condition. These issues are reserved for the trier of fact; summary judgment is therefore inappropriate.

Reversed.

ROBERTSON and GARRARD, JJ., concur.