**STATE STREET DUFFY'S, INC.,**
**Appellant–Defendant,**

v.

**Raymond LOYD, As Executor of the**
**Estate of Maxine Loyd O'Brien,**
**deceased, Appellee–Plaintiff.**

No. 22A04–9307–CV–255.

Court of Appeals of Indiana,
First District.

Nov. 18, 1993.

Transfer Denied Feb. 7, 1994.

Peter J. Sewell, Segal & Shanks, Jeffersonville, for appellant-defendant.

David V. Scott, New Albany, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

State Street Duffy's, Inc. ("Duffy's") brings this interlocutory appeal from the trial court's order denying its motion for summary judgment on the complaint of Raymond Loyd ("Raymond").[1] Raymond's mother, Maxine Loyd O'Brien ("Mrs. O'Brien"), sustained personal injuries in a restaurant operated by Duffy's when she fell while exiting a raised booth. As the executor of Mrs. O'Brien's estate, Ray-

mond initiated a negligence action against Duffy's alleging the raised booth constituted a dangerous condition. Duffy's contends there is insufficient evidence concerning causation to submit the case to a jury.

We affirm.

## ISSUE

The issue presented for review is whether there was sufficient evidence to create a genuine issue of material fact and preclude a summary judgment.

## FACTS

On February 25, 1990, Mrs. O'Brien, and her grandson, Allen Loyd ("Allen"), went to lunch at a Tumbleweed restaurant operated by Duffy's in New Albany, Indiana. They were seated in a booth raised approximately six to eight inches off the floor. After the meal was finished, Allen turned in the booth and reached for his wallet to pay the bill. While Allen was turned away, Mrs. O'Brien attempted to exit the booth, fell and sustained a fractured hip. There were no known witnesses to Mrs. O'Brien's fall. She later died from unrelated causes, and her testimony was not preserved.

Raymond filed his complaint on December 20, 1991. On January 13, 1993, Duffy's moved for summary judgment and designated the pleadings, the depositions of Raymond and Allen, and a memorandum in support of motion for summary judgment. After a hearing held on May 13, 1993, the trial court denied Duffy's motion. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Standard of Review

 Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Lucas v. Stavos* (1993), Ind.App., 609 N.E.2d 1114, 1116, *trans. denied*. A fact is material if it facilitates the resolution of any of the issues involved. *Havert v. Caldwell* (1983),

1. We accepted jurisdiction of this appeal pursu- ant to Indiana Appellate Rule 4(B)(6).

Ind., 452 N.E.2d 154, 157. When reviewing the denial of a motion for summary judgment, we apply the same standard as the trial court. *City of Evansville v. Moore* (1990), Ind., 563 N.E.2d 113, 114. We only consider the evidentiary matter designated by the parties without determining its weight or credibility. Indiana Trial Rule 56(C); *Selleck v. Westfield Insurance Company* (1993), Ind.App., 617 N.E.2d 968, 970, *trans. denied.* On appeal, only those portions of the record that were specifically designated to the trial court comprise the record for review. *Inland Steel v. Pequignot* (1993), Ind.App., 608 N.E.2d 1378, 1381, *trans. denied.*

■ Summary judgment is generally inappropriate in negligence actions. *Barsz v. Max Shapiro, Inc.* (1992), Ind.App., 600 N.E.2d 151, 152. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party. *Id.* Even if the trial court does not believe that the non-moving party will be successful at trial, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. *Haase v. Brousseau* (1987), Ind.App., 514 N.E.2d 1291, 1292.

### Negligence Actions

■ Raymond's action against Duffy's sounds in negligence. A plaintiff can recover for negligence only if she establishes that the defendant breached a duty owed to the plaintiff that was the proximate cause of the plaintiff's injuries. *Barsz,* 600 N.E.2d at 152. Absent factual evidence designated to the trial court, negligence will not be inferred. *Hale v. Community Hospital of Indianapolis, Inc.* (1991), Ind.App., 567 N.E.2d 842, 843. Indeed, all of the elements of a negligence action must be supported by specific facts designated to the trial court or reasonable inferences that might be drawn from those facts. *Midwest Commerce Banking Co. v. Livings* (1993), Ind.App., 608 N.E.2d 1010, 1012. An inference is not reasonable when it rests on mere speculation or conjecture. *Id.*

■ As a customer, Mrs. O'Brien was an invitee. *See Barsz,* 600 N.E.2d at 153. Duffy's, therefore, owed her a duty to exercise reasonable care while she was on its premises. *Id.* (citing *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637, 639). Duffy's does not dispute that duty. Duffy's also concedes that the configuration of the raised booth from which Mrs. O'Brien fell "could be considered a potentially dangerous condition" and "a potential tripping hazard." Record at 127–28 and Appellant's Brief at 8. However, Duffy's asserts that there is insufficient evidence for a jury to decide whether the raised booth caused Mrs. O'Brien's injuries without resorting to speculation and, thus, that summary judgment for Duffy's is appropriate.

### Evidence of Causation

■ The issue of causation or proximate cause is generally a question for the jury. *Ortho Pharmaceutical Corp. v. Chapman* (1979), Ind.App., 388 N.E.2d 541, 555, *trans. denied.* However, we have held that, absent factual evidence, negligence cannot be inferred from the mere fact that an accident has occurred. *Livings,* 608 N.E.2d at 1013. Similarly, causation may not be inferred merely from the existence of an allegedly negligent condition. *Id.* Thus, we must determine whether Raymond has shown that a genuine issue of material fact exists concerning whether the raised booth, a potentially hazardous condition, caused Mrs. O'Brien's fall and injury. *See Barsz,* 600 N.E.2d at 153.

■ The evidence designated to the trial court includes the depositions of Raymond and Allen, a safety expert's affidavit submitted with Raymond's brief in opposition to Duffy's motion for summary judgment, as well as all pleadings. In his deposition, Raymond testified that his mother told him after the accident that she had fallen and that Duffy's manager had told her people fell there all the time. Raymond also testified that his mother did not tell him what caused her fall. Record at 80a, (Deposition of Raymond Loyd at 16–17). However, Allen testified in his deposition as follows:

"Q: What happened?

A: She fell. I didn't personally see the fall, I was paying or I was—it seemed like I was getting the check and I had my back to her, and I heard her hit the ground and she turned around and she was lying there and thought she had broken her back.

. . . .

Q: Without having seen your grandmother fall, do you have any personal knowledge as to what caused her to fall?

A: I asked her what happened and she told me that she tripped getting up and tripped over the step.

. . . .

Q: And what did your grandmother point out to you, can you show me on any of these photographs?

A: Well she pointed and said that she had tripped over the step, so I am assuming its the step, the elevation of the booth.

Q: Did your grandmother say anything more to you about why she fell, other than I missed the step, or tripped on the step?

A: No, she didn't."

Record at 80b, (Deposition of Allen Loyd at 13–14, 17–18). This testimony indicates that Mrs. O'Brien told her grandson immediately after she fell that she had tripped over the step of the raised booth.

A similar situation was presented in *Barsz.* While in a restaurant, Barsz slipped and fell in an area where the defendant restaurant testified that a potentially hazardous object was located. We held that "although Mrs. Barsz did not specifically identify the object or defect that caused her fall, she did testify that she slipped on 'something' " and, therefore, "a finding of negligence would not require 'inferential speculation,' because Mrs. Barsz's testimony, if believed, establishes the presence of a foreign object on the floor." *Barsz,* 600 N.E.2d at 153.

Here, unlike the plaintiff in *Barsz,* Mrs. O'Brien specifically identified the object which she thought caused her fall. Thus, we conclude that Allen's testimony concerning his grandmother's statement, in addition to Raymond's deposition and the expert's affidavit, if believed, would not require "inferential speculation" to find Duffy's negligent. The remaining issue, then, is whether Allen's testimony concerning statements made by his grandmother immediately after she fell is admissible.

### Hearsay

Allen's deposition testimony is hearsay if it is offered to prove the truth of Mrs. O'Brien's statement that she tripped over the step. *See* Ind. Evidence Rule 801(c). The question is whether that statement is admissible under an exception to the hearsay rule. Duffy's concedes that Mrs. O'Brien's statement to Allen that she "tripped getting up and tripped over the step" meets the criteria of the excited utterance exception. Appellant's Reply Brief at 4. We agree. *See* Ind. Evidence Rule 803(2). Nevertheless, Duffy's maintains that Mrs. O'Brien's statement is inadmissible under the rule of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, because "her statement was made out-of-court, she was not under oath and she was not subject to cross-examination at that time" and also "given her unavailability to testify at trial." *See* Appellant's Reply Brief at 4. Finally, Duffy's asserts that "this result [the exclusion of Mrs. O'Brien's excited utterance] is in accord with the Proposed [Indiana] Rules of Evidence," specifically citing Rule 804. *Id.* at 4. Duffy's both misstates Indiana case law and misinterprets the new Indiana Rules of Evidence.

Our supreme court overruled *Patterson* in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, 654. *Modesitt* declared that the *Patterson* rule, which provided that prior out-of-court statements not under oath were admissible as substantive evidence if the declarant was present and available for cross-examination at the time of the admission of such statements, was "no longer the law of this state." *Id.* at 654. In its place, *Modesitt* held that:

"a prior statement is admissible as substantive evidence only if the declarant

testifies at trial and is subject to cross examination concerning the statement, and the statement is (a) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition, or (b) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (c) one of identification of a person made after perceiving the person."

*Id.* at 653–54. However, the supreme court specifically stated in *Modesitt* that its decision did not "affect the existing, recognized hearsay rule and its exceptions." *Id.* at 654.

The rule adopted in *Modesitt* is now embodied in Rule 801(d)(1). Rule 801 includes definitions of terms in the hearsay article of the Rules and section (d)(1) specifically defines those prior statements by a witness which are not hearsay. By maintaining that *Patterson* controls here and is coextensive with Rule 804 under the new rules, Duffy's implies that Rule 801(d)(1) and Rule 804 have the same purpose. Clearly, this is incorrect. As we have noted above, the *Patterson* rule is no longer the law. In addition, Rule 804 describes in four exceptions those statements which are hearsay but which are not excluded by the hearsay rule if the declarant is unavailable as a witness. Thus, Duffy's is in error when it relies upon the defunct *Patterson* rule and contends that Rule 804 is the only rule that applies when a declarant is unavailable.

Duffy's also contends that the 23 hearsay exceptions found in Rule 803 apply only when a declarant is available. We disagree. Rule 803 includes exceptions to the hearsay rule which do not depend on the availability of the declarant as a witness. Indeed, under Rule 803 the availability of the declarant is immaterial. The exception for an excited utterance is found in Rule 803(2). Indiana courts have also commonly referred to an excited utterance as part of the res gestae exception to the hearsay rule. *Moster v. Bower* (1972), 153 Ind.App. 158, 169–70, 286 N.E.2d 418, 424–25, *trans. denied.*

We have held that a statement made by an injured party who dies afterward, where such statements are determined to be part of the res gestae, may be introduced into evidence by the party to whom such res gestae statements were made. *Id.* at 173, 286 N.E.2d at 426. With regard to this exception to the hearsay rule, "we are concerned only with the spontaneity of the utterance and not with the speaker's general qualifications as a witness." *Williams v. State* (1989), Ind., 546 N.E.2d 1198, 1199.

Excited utterances, as an exception to the hearsay rule, carry with them sufficient indicia from the circumstances under which they were made to assure their reliability without subjecting the declarant to cross-examination or the jury's in-court scrutiny. *Id.* at 1202 (DeBruler, J. concurring in result). The *Modesitt* decision, Rule 801(d)(1) and Rule 804 have no application to these facts and do not affect the established exception for an excited utterance found in Rule 803(2). Therefore, Allen's deposition testimony concerning Mrs. O'Brien's statement to him that she "tripped over the step" falls squarely within the excited utterance exception to the hearsay rule. The admissibility of her statement to her grandson is not foreclosed, even though Mrs. O'Brien is unavailable as a witness.

We conclude that Raymond has demonstrated sufficient evidence to create a genuine issue of material fact concerning the cause of Mrs. O'Brien's fall and subsequent injuries which occurred in Duffy's restaurant. Because there are unresolved questions which are reserved for the trier of fact, summary judgment is inappropriate. *See Barsz,* 600 N.E.2d at 154. We affirm the trial court order denying Duffy's motion for summary judgment and remand for further proceedings consistent with this opinion.

The order is affirmed.

BAKER and RUCKER, JJ., concur.