136

Charles RICHARDSON and Judith Hightower Richardson, Parents of William Jason Richardson, and Greta A. Harris, Appellants–Plaintiffs,

v.

Nasir Raghib SALAAM and Howard Transport, Inc., the Board of Commissioners of Montgomery County, Indiana, and the Indiana Department of Highways, Appellees–Defendants.

No. 54A01–9501–CV–18.

Court of Appeals of Indiana.

July 18, 1995.

Transfer Denied Nov. 27, 1995.

James E. Ayers and Jeffrey A. Boggess, Wernle, Ristine & Ayers, Crawfordsville, for appellants.

James S. Stephenson, Stephenson, Daly, Morow & Kurnik, Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Charles Richardson and Judith Hightower Richardson, as the parents of William Jason Richardson, and Greta A. Harris (collectively Richardsons) appeal the trial court's grant of summary judgment in favor of appellee-defendant the

Board of Commissioners of Montgomery County, Indiana,[1] in their action for negligent design of an intersection.

## FACTS

On April 9, 1991, Salaam was driving a semi-tractor trailer northbound on County Road 400 East when he failed to yield at a stop sign at the intersection of County Road 400 East and State Road 136 and collided with a car driven by Richardson. Richardson, who had been traveling westbound on State Road 136, was killed in the accident and his passenger, Harris, sustained serious injuries.

As a result of the accident, the Richardsons filed a complaint on December 18, 1992, against Montgomery County alleging that Montgomery County had negligently designed the intersection where the collision occurred. Specifically, the Richardsons maintained that the north side of the intersection of County Road 400 East and State Road 136 has an unreasonable steep grade which encourages truck drivers to disregard the stop sign so that they can get a rolling start up the incline. In response, Montgomery County filed a motion for summary judgment on March 4, 1994, in which it maintained that it was not negligent as a matter of law. Specifically, Montgomery County argued that although it has a common law duty to exercise reasonable care in the design, construction and maintenance of its highways, it did not breach that duty because it designed the intersection in accordance with both the Indiana Highway Department engineering standards and the standards of the American Association of State Highway Transportation Officials. The Richardsons countered by filing a motion in opposition to summary judgment in which they argued that genuine issues of material fact remained regarding whether the intersection, as designed, is unreasonably dangerous.

On October 6, 1994, the trial granted Montgomery County's motion for summary judgment. Specifically, the trial court found that Montgomery County established that the design of the intersection was reasonable as a matter of law by showing that the intersection met both the Indiana Highway Department engineering standards and the standards of the American Association of State Highway Transportation Officials. Record at 135.

## DISCUSSION AND DECISION

In reviewing a ruling on a motion for summary judgment, this court applies the same standard applied by the trial court. *Walling v. Appel Service Co.* (1994), Ind. App., 641 N.E.2d 647, 648–49. Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. Ind.Trial Rule 56(e). Summary judgment is generally inappropriate in negligence cases. *Barsz v. Max Shapiro, Inc.* (1992), Ind.App., 600 N.E.2d 151, 152.

The Richardsons' action against Montgomery County is a negligence claim. To recover under a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995.

Here, the trial court determined that although Montgomery County had a duty to exercise reasonable care in the de-

1. Defendants Nasir Raghib Salaam, Howard Transport, Inc., and the Indiana Department of Highways are not parties to this appeal.

sign, construction and maintenance of its highways, it did not breach that duty as a matter of law and thus, was entitled to summary judgment. R. at 134–36. Specifically, the trial court held that Montgomery County established that the design of the intersection was reasonable as a matter of law by showing that the intersection of County Road 400 East and State Road 136 complied with the Indiana Highway Department engineering standards and the standards of the American Association of State Highway Transportation Officials.

We cannot agree that simply because an intersection complies with State highway and engineering standards, it necessarily follows that its design is reasonable in every instance as a matter of law. Thus, we find that genuine issues of material fact remain as to whether Montgomery County breached its duty of exercising reasonable care in the design, construction and maintenance of its highways and the trial court erred in granting Montgomery County's motion for summary judgment.[2]

Judgment reversed.

ROBERTSON, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. A predicate for tort liability is proximate cause. *McKinney v. Public Service Co.* (1992), Ind.App., 597 N.E.2d 1001, 1005. Fundamental to proximate cause " 'is that the injury or consequence of the wrongful act be of a class reasonably foreseeable at the time of the act.' " *Lucas v. Dorsey Corp.* (1993), Ind. App., 609 N.E.2d 1191, 1199, quoting *Ortho Pharmaceutical v. Chapman* (1979), 180 Ind. App. 33, 54, 388 N.E.2d 541, 555. To establish negligence, a defendant's act need not be the sole proximate cause; however, it may not be a remote cause. *See Lucas,* 609 N.E.2d at 1199.

To determine whether an earlier act is a proximate cause along with an intervening act, the requirement of foreseeability is paramount. *Cf. McKinney,* 597 N.E.2d at 1005. The standard for determining foreseeability when an intervening cause is present was outlined in *McKinney:*

"When an independent agency does intervene between the defendant's negligence and the injury, the legal effect of the intervening agency is not determined by characterizing a defendant's actions as merely creating a condition, but depends instead upon whether, under the circumstances, the agency might reasonably have been expected to intervene in such a way as to produce an injury similar to the one actually caused. The determination of what is reasonably foreseeable is not judged by the subjective opinions of those involved, but is based upon the objective standard of due care in avoiding a result which might reasonably have been anticipated in the ordinary experience of people. If the actor should have realized his conduct might cause harm to another in substantially the manner in which it is brought about, the harm is universally regarded as the legal consequence of the actor's negligence. If the intervening cause is foreseeable, the original tort-feasor cannot escape liability. Conversely, if the intervening cause is not foreseeable as a natural consequence of the original act, then the original tort-feasor cannot be held liable for injuries caused by the second tort-feasor. [Citations omitted.]"

*Id.* at 1006.

The Richardsons contend that although the design complied with the appropriate standards, Montgomery County should have foreseen that truck drivers would disobey the traffic sign and cause collisions of the variety which occurred in the present case. I would find that as a matter of law, the intervening illegal act of the truck driver was not a natural consequence of the original act and that summary judgment for Montgomery County is appropriate.

---

**2.** Because this issue is dispositive, we do not reach the second issue of whether the affidavit of Richardsons' expert was sufficient to raise a genuine issue of material fact for trial.