PACIFIC EMPLOYER'S INSURANCE CO. & Cigna–INA/Aetna Insurance Co., as subrogees of Portage Township Schools, a Corp.; Gainer Bank T/U/T No. P 4040 & 2nd Consolidated School Bldg. Corp., Appellant–Plaintiff,

v.

AUSTGEN'S ELECTRIC, INC., Appellee–Defendant.

No. 46A03–9505–CV–156.

Court of Appeals of Indiana.

Feb. 21, 1996.

Karen Tallian, Bruce P. Clark & Associates, Munster, for appellant.

Steven A. Johnson, Steven A. Johnson & Associates, Merrillville, for appellee.

## OPINION

STATON, Judge.

Pacific Employer's Insurance Co., Cigna–INA/Aetna Insurance Co., as subrogees of Portage Township Schools, a corporation, Gainer Bank T/U/T No. P4040 & 2nd Consolidated School Building Corporation (collectively "Pacific") appeal from the grant of judgment on the evidence in favor of Austgen's Electric, Inc. ("Austgen"). Pacific raises three issues for appellate review which we consolidate into one and restate as: whether the trial court erred in granting Austgen's motion for judgment on the evidence.

We reverse and remand.[1]

The facts most favorable to the nonmovant, Pacific, reveal that in May 1985, the Portage Township Schools entered into a written contract with Austgen for installation of a fire alarm system pursuant to a renovation pro-

ject at the Fegely Middle School ("the School"). This system was designed to provide alarms and noise devices in the school, and included an automatic telephone dialer which would engage when the fire alarm system was activated. The dialer would call the fire emergency dispatcher at the local police department and play a taped message regarding an active fire alarm within the school.

In January 1988, Austgen was notified that the automatic dialer was not functioning properly. Austgen investigated the problem and concluded that there was a problem with the School's dedicated phone line. A school employee found the phone line to be fully operational and in early February 1988, the School notified Austgen that the automatic dialer was still malfunctioning.

At some point during the early morning of February 23, 1988, three young men broke into the school and set fire to some wood in the School's Industrial Arts Room which then spread to other areas of the School. The automatic dialer did not engage and the fire went undetected until a school employee arrived for work at approximately 5:00 a.m. The fire department was called to the scene and extinguished the fire. As a result, the School incurred property damages of $203,699.05.

In February 1990, Pacific, as subrogee of the Portage Township Schools, brought a subrogation action against Austgen for breach of contract, breach of implied and express warranty, products liability, and negligence. In February 1994, Austgen filed a motion for summary judgment, alleging that no genuine issue of material fact existed. The trial court denied Austgen's motion and the matter was tried before a jury in January 1995. At the close of Pacific's case, Austgen moved for a judgment on the evidence pursuant to Indiana Trial Rule 50. The trial court granted Austgen's motion, finding as follows:

\*  \*  \*  \*  \*  \*

---

1. We point out appellant's counsel's failure to include marginal notations in the transcript of the evidence. We direct counsel's attention to Ind. Appellate Rule 7.2(A)(3)(a) which requires

that marginal notations be made on each page of the transcript of the evidence including the name of each witness and whether the examination is direct, cross, or redirect.

THE COURT NOW FINDS that in a comparatively few cases dealing with the issue, it has been held, without exception, that a person furnishing, installing or maintaining an automatic burglary alarm or watchman supervising system is not liable for a burglary loss sustained by one to whom such services is furnished, even though there was negligence in the installation or maintenance of the services or there was a breach of the contract with respect to the services to be furnished upon the theory that such negligence or breach is not the proximate cause of the loss.

THE COURT FINDS that the Motion for Judgment on the evidence should be granted. And Judgment should be rendered thereon.

Record, p. 437. Pacific now appeals.

■ Pacific contends that the trial court erred in granting Austgen's motion for judgment on the evidence. Indiana Trial Rule 50(A) provides that a party may move for a judgment on the evidence after the party carrying the burden of proof has failed to present sufficient evidence to support its claim. The purpose of a motion for judgment on the evidence is to test the sufficiency of the evidence. *Dallas Moser Transporters, Inc. v. Ensign*, 594 N.E.2d 454, 456 (Ind.Ct.App.1992), *reh. denied.*

■ In reviewing the grant of judgment on the evidence, we consider only the evidence and the reasonable inferences most favorable to the nonmoving party. *Ross v. Lowe*, 619 N.E.2d 911, 914 (Ind.1993). The evidence must support without conflict only one inference which is in favor of the defendant. *Id.* If there is any probative evidence or reasonable inference to be drawn from the evidence in favor of the plaintiff or if there is evidence allowing reasonable people to differ as to the result, judgment on the evidence is improper. *Id.*

■ Pacific contends that the trial court erred in concluding that Austgen's negligence in failing to properly install the automatic dialer could not have proximately caused the damages to the School. To recover on a theory of negligence, a plaintiff must establish three elements: (1) a duty on the

part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991), *reh. denied.*

Pacific argues that it presented evidence which sufficiently showed that, but for the malfunctioning automatic dialer, the fire department would have immediately responded to and extinguished the fire, mitigating the property damage to the School. Austgen counters that the contract only required it to install the fire alarm system and that it had no ongoing duty to control or monitor its operation. Moreover, Austgen claims that any duty it may have had was extinguished by the intentional, criminal act of the arsonists.

This case presents a question of first impression before our courts: whether there is a causal nexus between the negligent installation of a fire alarm system and fire damages resulting from arson.

■ In an action for negligence, an injury will be proximately caused by either a negligent act or the omission of a duty to act. The injury must be the natural and probable consequence, in light of the circumstances, that should have been reasonably foreseen or anticipated. This is true regardless of earlier acts of negligence. *Bob Schwartz Ford, Inc. v. Dunham*, 631 N.E.2d 953, 956 (Ind.Ct. pp. 1994). The requirement that the injury was foreseeable is directly related to the rule that an intervening cause may serve to sever the liability of one whose original acts sets in motion the chain of events leading to the injury. *Id.* A superseding intervening cause sufficient to break the causal chain between wrongful conduct and injury must be one that is not "foreseeable" at the time of the wrongful conduct. *Walker v. Rinck*, 604 N.E.2d 591, 596 (Ind.1992).

■ Regarding the nature of criminal acts by a third party, it is a general rule of law that:

... [W]hen between an alleged act of negligence and the occurrence of an injury, there intervenes the wilful, malicious and criminal act of a third party which causes the injury and which could not reasonably have been foreseen by the allegedly negligent party, the causal chain between the negligence and the injury is broken.

*Estate of Mathes v. Ireland,* 419 N.E.2d 782, 785 (Ind.Ct.App.1981), *reh. denied* (citing Restatement (Second) of Torts, § 448 (1965)). Conversely, if at the time of the negligent act a wrongful act is reasonably foreseeable, the intervening cause will not sever the liability of the original negligent actor. The issue of proximate cause, including the foreseeability of a third party's criminal act and whether that intervening act breaks the causal chain, is a question for the finder of fact. *State Street Duffy's, Inc. v. Loyd,* 623 N.E.2d 1099, 1101 (Ind.Ct.App.1993), *trans. denied; Estate of Mathes, supra;* and *New York Central Railroad Co. v. Cavinder* 141 Ind.App. 42, 211 N.E.2d 502, 509 (1965), *trans. denied.*

In determining whether Austgen can be deemed liable for the School's losses, we must first determine whether the malfunctioning automatic dialer component of the fire alarm system can be the proximate cause of the School's damages.[2]

The automatic dialing component of the fire alarm system was installed to notify the local fire department of a fire and elicit an immediate response to the scene. Its opera-

tion was crucial in that once a fire was detected, the fire department was immediately notified so that the fire could be brought under control promptly, minimizing damage.[3] Operating properly, the automatic dialer should curtail the time elapsed between the detection of a fire and the arrival of the appropriate aid, effectively limiting damages. Thus, based upon this purpose, we cannot say, as a matter of law, that if the fire alarm system was functioning correctly, the School would not have suffered less damage.

■ Therefore, we determine that Pacific was not precluded from attempting to prove that there was a causal nexus between the negligent installation of the fire alarm system and the unmitigated losses directly occasioned by the criminal acts of the third parties. *Compare Helm v. K.O.G. Alarm Co, Inc.,* 4 Cal.App.4th 194, 5 Cal.Rptr.2d 615 (Cal.Ct.App.1992), *reh. denied, rev. denied* (plaintiff not precluded as a matter of law from attempting to prove a causal nexus between an intentional misrepresentation inducing plaintiff to purchase an emergency service alarm system which did not operate as represented and ·losses caused by arson and theft). Accordingly, we disagree with Austgen and the trial court's conclusions that ·Austgen's negligent failure to install the automatic dialer cannot, as a matter of law, be deemed the proximate cause of the School's unmitigated damages. Instead, we determine that both the issues of proximate cause

---

**2.** Both Austgen and the trial court rely upon cases involving the negligent installation of burglary systems to conclude that, as a matter of law, the negligent installation of this fire alarm system cannot be the proximate cause of the School's losses. Austgen relies upon those cases set forth in Michael J. McMahon, Annotation, *Liability of Person Furnishing, Installing, or Servicing Burglary or Fire Alarm System for Burglary or Fire Loss,* 37 A.L.R.4th 47 (1983). In its order of judgment, the trial court concludes, without citation to authority, that in a comparatively few cases, the installer of an automatic burglar alarm or watchman supervising system will not be liable for losses despite negligent installation.

However, we note that fire alarm systems are generally not installed to *prevent* fires. Instead, they are designed to detect fires and serve as a warning device for potentially hazardous conditions. Likewise, the system here was designed not only to signal a dwelling's occupants that a fire may exist but also to summon a fire department to the scene. An automatic burglary sys-

tem or watchman supervising system, on the other hand, may be installed to alert police of a break-in but can also be used to deter and prevent theft. This differs from a fire alarm system which is not installed for fire prevention or deterrence but to detect a fire in order to minimize its effect. Therefore, we find both Austgen and the trial court's reliance upon those cases relieving a burglary system from liability unpersuasive in this context.

**3.** The School was required to install a fire alarm system which complied with state fire and building safety standards set forth in Ind.Admin.Code tit. 675, r. 13 (1992). These provisions adopt the standards set forth by the National Fire Protection Association which include NFPA 72A, the Standards for the Installation, Maintenance, and Use of Local Protective Signaling Systems for Guard's Tour, Fire Alarm, and Supervising Service.

and the foreseeability of the criminal act in this context are questions for the trier of fact. *State Street Duffy's, Inc., supra,* and *Estate of Mathes, supra.*

Having concluded that Pacific may present its claim, we must now determine whether Pacific presented sufficient evidence to support its claim. During the trial, Pacific presented the testimony of Patrick Witka, a retired captain of the Portage Fire Department and former city arson investigator. He testified that if the fire department had been called within the first few minutes of the fire, the fire would have been contained in the Industrial Arts Room. He indicated that 80% of the damage outside the room would have been prevented had the fire department been promptly notified as the fire department would have extinguished the blaze within fifteen or twenty minutes of its inception. Pacific then presented evidence regarding a portion of the restoration work to be done by a construction company. The estimator for the company testified that of its $135,655 bid, only $28,100 of the damages was attributed to the Industrial Arts Room. Finally, Gerry Mang, a fire causation and explosion specialist, testified that 95% of the damage to the School, excluding the Industrial Arts Room, was caused by the malfunctioning automatic dialer.

This evidence was sufficient to support Pacific's claim that but for the malfunctioning automatic dialer, the fire department would have immediately responded to and extinguished the fire, mitigating the property damage to the School. Therefore, we conclude that judgment on the evidence was improper. *Ross, supra.* Accordingly, we reverse the trial court's entry of judgment on the evidence in favor of Austgen and remand this matter for proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN and FRIEDLANDER, JJ., concur.