

**FILED**

Dec 13 2017, 6:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy L. Kelley
Glaser & Ebbs
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Kevin W. Kearney
Deneal M. Kushner
Hunt Suedhoff Kalamaros, LLP
South Bend, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DaShawn Powell,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Kevin Stuber<br>d/b/a Bleachers Pub,<br><br>*Appellee-Defendant* | December 13, 2017<br><br>Court of Appeals Case No.<br>71A03-1705-CT-967<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Jenny Pitts Manier,<br>Judge<br><br>Trial Court Cause No.<br>71D05-1403-CT-44 |

**Baker, Judge.**

[1]     DaShawn Powell filed a negligence claim against Kevin Stuber d/b/a Bleachers Pub (Bleachers) after Powell was attacked in the parking lot outside of Bleachers and sustained injuries as a result. After our Supreme Court decided *Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384 (Ind. 2016), the trial court reopened the deadline for dispositive motions and Bleachers moved for summary judgment. The trial court granted the motion, finding, pursuant to *Goodwin*, that Bleachers did not owe a duty to Powell. Powell appeals, arguing that the trial court should not have reopened the deadline for dispositive motions or granted summary judgment in favor of Bleachers. Finding no error, we affirm.

## Facts

[2]     On July 31, 2012, around 1:30 a.m., Powell drove to Bleachers in Mishawaka to play pool with a friend. Around 2:30 a.m., Powell left Bleachers and walked to his vehicle in the parking lot. Someone called out to Powell; he turned in the direction of the voice and was struck from behind by someone else. The assailants hit him, stole the keys to his vehicle, stole his wallet, and ran away. Powell did not notify anyone at Bleachers of the incident; instead, he got into his vehicle and talked to his girlfriend on the phone.

[3]     About five to ten minutes later, still sitting in his vehicle, Powell noticed that the vehicle's lights were flashing and the locks had been activated. One of the assailants opened the vehicle door, and Powell hit him. The assailants fled to another vehicle and Powell pursued them, grabbing the other vehicle and trying

to reclaim his keys. The driver put the vehicle in reverse and the mirror struck Powell. He again grabbed onto the vehicle. The driver then drove away, running over Powell in the process. Powell sustained serious injuries, including a ruptured bladder, when the other driver ran over him.

[4] On March 5, 2014, Powell filed a complaint against Bleachers and other parties,[1] seeking damages for his injuries that he alleges were caused by Bleachers's negligence. The trial court eventually set a dispositive motion deadline of February 12, 2015; that deadline was later reset to August 4, 2015, by agreement of the parties. The trial had been set for May 12, 2016, but the trial court rescheduled the trial for July 26, 2016, because of a conflict with a criminal matter. At Powell's request, the trial court again continued the trial to October 12, 2016; that trial date was vacated for reasons not revealed by the Chronological Case Summary. Appellant's App. Vol. II p. 12.

[5] On November 1, 2016, Bleachers notified Powell of our Supreme Court's recent ruling in *Goodwin* and its possible effect on this case. On November 2, 2016, Bleachers filed a motion to reopen the dispositive motion deadline based on *Goodwin*. The trial court granted the motion to reopen the dispositive motion deadline.

---

[1] The other parties included the driver, the plaza owner, and the plaza owner's estate representative. The trial court granted summary judgment in favor of the plaza owner and his representative; Powell did not appeal that ruling. Subsequently, Powell agreed to dismiss the driver from the lawsuit, leaving Bleachers as the only defendant.

[6]     On December 28, 2016, Bleachers filed a motion for summary judgment. Following briefing and a hearing, the trial court granted the motion on February 21, 2017, finding, in pertinent part, as follows:

> Plaintiff's status on Defendant's premises was as an invitee. The broad classification of plaintiff properly assigned to Plaintiff is a patron of a bar.
>
> The type of harm to which Plaintiff was exposed is the likelihood of criminal attack.
>
> As an invitee, Plaintiff was owed a duty of reasonable care by Defendant, including the duty to take reasonable precautions to protect him from foreseeable criminal attacks.
>
> The criminal attack which Plaintiff suffered was an unprovoked assault.
>
> Plaintiff's designated evidence—his Exhibit 3—is irrelevant, under the holding in *Goodwin* . . . , to a consideration of whether the harm suffered by Plaintiff was foreseeable[.]
>
> An unprovoked criminal assault is not a foreseeable criminal attack.
>
> Plaintiff's response, including chasing after his assailants—even if in an effort to recover stolen personal property—is not activity Defendant could have foreseen. Defendant had no duty to protect Plaintiff from the resultant injuries.
>
> The law imposed and imposes no duty on the part of Defendant to protect Plaintiff, as an invitee, against the harm which he

suffered. Defendant is entitled to judgment as a matter of law on . . . this issue.

*Id.* at 16-17. Powell now appeals.

# Discussion and Decision

# I. Extension of Dispositive Motion Deadline

[7] Powell first argues that the trial court erroneously extended the dispositive motion deadline, permitting Bleachers to seek summary judgment over a year past the initial deadline. Trial Rule 56(I) provides that "[f]or cause found, the Court may alter any time limit set forth in this rule [regarding summary judgment] upon motion made within the applicable time limit." The trial court is vested with broad discretion to alter the time limits for summary judgment proceedings, and we will reverse only if the trial court's decision to alter the timeline is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Logan v. Royer*, 848 N.E.2d 1157, 1160 (Ind. Ct. App. 2006).

[8] Our Supreme Court decided *Goodwin* on October 26, 2016, and that case unquestionably has a substantial and substantive effect on this one. At that time, there was no looming trial date, and we fail to see how the trial court's decision to reopen and extend the dispositive motion deadline prejudiced

Powell.[2]  Under these circumstances, we find no error in the trial court's order granting Bleachers's motion to reopen the dispositive motion deadline.

## II.  Summary Judgment

[9]  Powell also argues that the trial court erroneously granted summary judgment in favor of Bleachers.  Our standard of review on summary judgment is well established:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012).  Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts.  *Id.*  Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party.  *Id.*  Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law.  *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin*, 62 N.E.3d at 386.

---

[2] Powell makes several accusations in his brief regarding alleged ex parte communications between Bleachers's counsel and the trial court, as well as an alleged settlement agreement that Powell reached with Bleachers's insurer before Bleachers sought to extend the dispositive motion deadline.  There is no evidence whatsoever supporting these claims and we decline to consider them.

To prevail on a claim of negligence, a plaintiff must show (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) compensable injury proximately caused by that breach. *Id.* Absent a duty, there can be no negligence or liability based upon the breach, and whether a duty exists is a question of law for the court to decide. *Id.* at 386-87.

In *Goodwin*, our Supreme Court carefully analyzed and synthesized years of "less than perfectly lucid" caselaw regarding duty in the context of a negligence claim. *Id.* at 387. As a general matter, it continues to be the case that "'[l]andowners have a duty to take reasonable precautions to protect their invitees from foreseeable criminal attacks.'" *Id.* at 388 (quoting *Kroger Co. v. Plonski*, 930 N.E.2d 1, 7 (Ind. 2010)). Duty, however, "'only extends to harm from the conduct that . . . is reasonably foreseeable to the proprietor.'" *Id.*

The *Goodwin* Court clarified that foreseeability in the context of duty (as opposed to the context of proximate cause) must be analyzed as a matter of law: "because foreseeability is—in this particular negligence action—a component of duty, and because whether a duty exists is a question of law for the court to decide, the court must of necessity determine whether the criminal act at issue here was foreseeable." *Id.* at 389.

Our Supreme Court adopted this Court's analysis in *Goldsberry v. Grubbs*, which provides as follows:

> "the foreseeability component of proximate cause requires an evaluation of the facts of the actual occurrence, while the foreseeability component of duty requires a more general analysis

of the broad type of plaintiff and harm involved, without regard to the facts of the actual occurrence."

*Id.* at 389 (quoting *Goldsberry*, 672 N.E.2d 475, 479 (Ind. Ct. App. 1996)). Indeed, whether the *particular* plaintiff's injury was reasonably foreseeable in light of the *particular* defendant's conduct is explicitly not relevant to a determination of duty. *Goodwin*, 62 N.E.3d at 391.

[14] In *Goodwin*, the plaintiff was socializing at a bar when another patron became angry, produced a handgun, and shot the plaintiff. The plaintiff sued the bar and our Supreme Court considered whether, as a matter of law, the bar owed a duty to the plaintiff. First, the Court found that most of the evidence in the record, which related to the specific incident, the specific plaintiff, and the specific defendant, was not relevant to a determination of duty. *Id.* at 392-93. Second, it applied the general analysis regarding foreseeability in the context of duty:

> The broad type of plaintiff here is a patron of a bar and the harm is the probability or likelihood of a criminal attack, namely: a shooting inside a bar. But even engaging in a "lesser inquiry" we conclude that although bars can often set the stage for rowdy behavior, we do not believe that bar owners routinely contemplate that one bar patron might suddenly shoot another. To be sure, we doubt there exists a neighborhood anywhere in this State which is entirely crime-free. Thus, in the broadest sense, all crimes anywhere are "foreseeable." But to impose a blanket duty on proprietors to afford protection to their patrons would make proprietors insurers of their patrons' safety which is contrary to the public policy of this state. Further such a blanket duty would abandon the notion of liability based on negligence

and enter the realm of strict liability in tort which "assumes no negligence of the actor, but chooses to impose liability anyway." *Cook v. Whitsell-Sherman,* 796 N.E.2d 271, 276 (Ind. 2003). We decline to impose such liability here. In sum we hold that a shooting inside a neighborhood bar is not foreseeable as a matter of law.

*Id.* at 393-94 (internal footnote and some internal citations omitted).

[15] Here, as in *Goodwin*, we must consider the foreseeability of the criminal act as we contemplate whether Bleachers owed Powell a duty as a matter of law. Per our Supreme Court's instructions, we will not consider the facts of the actual occurrence as we engage in this analysis; instead, we must ask the broader questions of what type of plaintiff is Powell and what type of harm occurred.

[16] As in *Goodwin*, the broad type of plaintiff here is a patron of a bar. And here, Powell sustained his most serious injuries after he pursued his assailants and grabbed onto the vehicle as it was being driven away. Therefore, the broad type of harm is the probability or likelihood of a criminal attack being extended when the victim confronts his assailants, placing himself at risk of further injury.

[17] We echo the *Goodwin* Court's conclusion that, while "bars can often set the stage for rowdy behavior, we do not believe that bar owners routinely contemplate" that a criminal attack in their parking lot would be extended when the victim pursues the assailants. *Id.* at 393-94; *see also Jones v. Wilson*, 81 N.E.3d 688, 695 (Ind. Ct. App. 2017) (holding that business patron who was attacked in the business's parking lot at night by a third party could not

establish foreseeability because the harm inflicted on her was not normally to be expected). In other words, the likelihood of this type of harm is not significant enough to induce a reasonable person to take precautions to avoid it. *Goodwin*, 62 N.E.3d at 392. Under these circumstances, we find that the trial court did not err by concluding as a matter of law that Bleachers does not owe a duty to Powell to prevent this type of harm or by granting summary judgment in favor of Bleachers.

[18] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.