In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2629

ROBIN AUSTIN,

*Plaintiff-Appellant*,

*v.*

WALGREEN COMPANY,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:15-cv-00104 — **John E. Martin**, *Magistrate Judge*.

ARGUED JANUARY 19, 2018 — DECIDED MARCH 23, 2018

Before BAUER, MANION, AND ROVNER, *Circuit Judges*.

MANION, *Circuit Judge*. Robin Austin sued Walgreen Co. after she slipped and fell at a Walgreens store in northwestern Indiana, breaking her knee. A magistrate judge, presiding by consent, granted summary judgment to Walgreen. For the reasons set forth below, we affirm.

## I. Background

On a cold January day, Robin Austin went to a Walgreens store in Hebron, Indiana. When she arrived, a snowplow was leaving the parking lot. After spending some time in the store, she was walking toward the registers when she slipped and fell. Austin did not see anything on the floor that would have caused the fall. At her deposition, she described her experience this way: "I—walking towards the cash register, my right foot hit something wet, and all of my weight landed on my left knee. I went down, all my weight on my left knee, and then immediately fell backwards on my back." She assumes she slipped on water.

Amber Parsons, another customer at the Walgreens that day, was the first to come to Austin's assistance after the fall. She does not recall seeing anything on the floor. Others who arrived at the scene shortly after the fall also did not see anything on the floor. Gabriel Luna, the assistant store manager, also testified that he was not aware that there was any water on the floor prior to Austin's fall.

Stella Vanderhere, Austin's friend, arrived at the store approximately seven minutes after Austin fell. Vanderhere observed "water everywhere," and she took several pictures showing puddles of water in the general area where Austin had fallen and where people had gathered after the fall.

Sometime after Vanderhere's arrival, paramedics arrived to take Austin to St. Anthony Medical Center. The paramedics recorded that Austin told them she "was walking and slipped on wet floor." At St. Anthony Medical Center, the doctor noted that Austin told him "she was walking in

Walgreens … when she slipped on water, and fell onto her left kneecap." Austin was diagnosed with a broken kneecap.

Austin subsequently brought suit against Walgreen in Indiana state court. Citing diversity jurisdiction, Walgreen removed the case to the United States District Court for the Northern District of Indiana. The parties consented to the assignment of their case to a magistrate judge. Walgreen moved for summary judgment. In response to the motion, Austin submitted her statements to the paramedics and the doctor at St. Anthony Medical Center. Walgreen moved to strike those statements as inadmissible hearsay. In a single order, the magistrate judge granted the motion to strike and the motion for summary judgment. The judge concluded that the statements did not fit within an exception to the rule against hearsay and that Austin had failed to show that Walgreen's negligence caused her injury. Austin now appeals.

## II. Discussion

We review the grant of summary judgment *de novo*, construing all facts and drawing all inferences "in the light most favorable to the non-moving party." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Federal Rule of Civil Procedure 56 directs courts to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When we review a motion for summary judgment, we do not "weigh the evidence" or "determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We merely "determine whether there is a genuine issue for trial." *Id.*

The Supreme Court instructs that Rule 56 "mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). So, to resolve this appeal, we must determine what it is that Austin would be required to prove at trial.

As this is a diversity case, we "apply state substantive law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In Indiana, "[t]he tort of negligence has three elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 878 (Ind. Ct. App. 2011).

The status of a person who comes onto land is key in determining the duty a landowner owes to that person. *Id.* at 880. In this case, Austin was Walgreen's customer when she fell, so she was "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991) (quoting Restatement (Second) of Torts § 332 (1965)). This made her a "business invitee" of Walgreen. *See Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). Accordingly, Walgreen owed Austin "the highest duty of care," which was "to exercise reasonable care for [Austin's] protection while [she was] on the premises." *See Christmas*, 952 N.E. 2d at 880. However, Austin's status did not impose a duty on Walgreen "to insure [her] safety while on the premises." *See Schulz*, 963 N.E.2d at 1144.

Allowing the existence of a hazardous substance on the floor of a business can be a breach of the duty to exercise reasonable care. *See Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151, 153 (Ind. Ct. App. 1992). Here, the parties debate whether Austin's statement that she stepped on "something wet" is sufficient to show that there was indeed a hazardous substance on the floor. However, we need not resolve that question, because "before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger." *Schulz*, 963 N.E.2d at 1144. And even assuming Austin has sufficient evidence that there was a hazard on the floor, she did not present any evidence that Walgreen had knowledge of it.

Knowledge can be either actual or constructive. *Id.* Here, there is no evidence that Walgreen had actual knowledge of a hazard. No one told a Walgreen employee that there was any kind of hazard on the floor in the area of the store where Austin fell before her fall, and no Walgreen employee saw anything on the floor in that area before her fall. Nor did Walgreen have constructive knowledge of any alleged hazard before the fall. To establish constructive knowledge, a plaintiff must show "a 'condition [which] has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care.'" *Schulz*, 963 N.E.2d at 1144 (alteration in original) (quoting *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992)). Austin presented no evidence of how long any alleged hazard was present on the floor. Austin points to her own statement that she stepped on something and Vanderhere's photos showing the presence of water several minutes after the fall to show that a hazard existed,

but those do not establish how long the hazard was on the floor before Austin encountered it.

Austin argues that Walgreen had knowledge of a hazard because the store's assistant manager admitted that when there was snow outside, as there was on the day in question, customers could track snow into the store and create potentially hazardous situations. But just because the assistant manager knew that hazards were *possible* does not mean that he knew they had actually materialized at the place where Austin fell. There are many potential hazards that can exist in a store like Walgreens: soda bottles can fall off a display stand and leak, glass cosmetics jars can shatter on the floor, or toys could clutter an aisle. That any of those hazards and many others *could* occur at any given moment probably ought to be on the mind of a person charged with managing a store, but that does not automatically impute instantaneous knowledge of when those hazards come about. The law does "not hold [a storeowner] strictly liable for a fall occurring before [it] even had a chance to remove the foreign substance from the floor." *Barsz*, 600 N.E.2d at 153–54. Without evidence that Walgreen had a chance to respond to any hazard, Austin cannot establish knowledge. Austin relies on nothing but speculation to suggest that the alleged hazard existed for any significant length of time before her fall. Speculation does not defeat summary judgment.

Even if we were to accept that Austin has shown a dangerous condition, she presented no evidence that Walgreen was or should have been aware of that condition in time to address it. Consequently, she has failed to establish that

Walgreen breached its duty of care.[1] The failure to support that element of her claim dooms it.[2]

### III. Conclusion

The magistrate judge did not err in granting summary judgment to Walgreen. Accordingly, we AFFIRM.

---

[1] This result conflicts with the two Indiana cases upon which Austin primarily relies: *Barsz*, 600 N.E.2d at 154, and *Golba v. Kohl's Department Store, Inc.*, 585 N.E.2d 14, 17 (Ind. Ct. App. 1992). In those cases, plaintiffs with facts similar to the facts of this case avoided summary judgment. But they did so due to a distinctive feature of Indiana summary judgment procedure, and so are inapposite here. *See Gasperini*, 518 U.S. at 427 ("[F]ederal courts sitting in diversity apply … federal procedural law."). In Indiana, a defendant moving for summary judgment must *affirmatively* disprove an element of the plaintiff's case. *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1188 (Ind. 2016). "In this respect, Indiana's summary judgment procedure abruptly diverges from federal summary judgment practice." *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994). In federal court, a party moving for summary judgment does not need to present any evidence concerning the non-movant's claim. *Celotex Corp.*, 477 U.S. at 323. All a federal movant has to do is point to the absence of evidence to support the claim. *See id.* at 322. Therefore, it is not helpful to use Indiana cases as a gauge of evidentiary sufficiency on a summary judgment motion filed in federal court. *See generally McEwen v. Delta Air Lines, Inc.*, 919 F.2d 58, 60 (7th Cir. 1990) (noting that a federal court may grant summary judgment "even if the state would require the judge to submit an identical case to the jury").

[2] Austin also appeals the magistrate judge's ruling that her statements to the paramedics and to the doctor at St. Anthony Medical Center did not fall within an exception to the rule against hearsay. Those statements went to the existence of a hazard on the store's floor. As we have concluded that summary judgment is appropriate regardless of the condition of the floor, we need not address that evidentiary issue.