

FILED

May 09 2018, 7:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Barrett
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey L. Hansford
Curtis P. Moutardier
Boehl Stopher & Graves, LLP
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amber Cosgray,

*Appellant-Plaintiff,*

v.

French Lick Resort & Casino
d/b/a Blue Sky Casino, LLC,

*Appellee-Defendant.*

May 9, 2018

Court of Appeals Case No.
59A01-1710-CT-2512

Appeal from the Orange Circuit
Court

The Honorable Steven L. Owen,
Judge

Trial Court Cause No.
59C01-1512-CT-330

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Amber Cosgray (Cosgray), appeals the trial court's grant of Appellee-Defendant's, French Lick Resort & Casino d/b/a Blue Sky Casino, LLC (French Lick Resort), motion for summary judgment, concluding that French Lick Resort did not owe a duty to Cosgray, an invitee, to protect her from a criminal attack by an unknown assailant.

We affirm.

# ISSUE

Cosgray presents us with one issue on appeal, which we restate as: Whether the trial court properly concluded that French Lick Resort did not owe Cosgray a duty as a matter of law to protect her from a criminal attack by an unknown assailant while on French Lick Resort's premises.

# FACTS AND PROCEDURAL HISTORY

On December 7, 2013, Cosgray, along with her employer, Greg Pomasl (Pomasl), attended a work-related Christmas party at the hotel/casino owned and operated by French Lick Resort, at French Lick, Indiana. Cosgray and Pomasl arrived at the hotel around 2:00 p.m. and checked into their rooms. Cosgray was in Room 1504 and Pomasl's room was nearby. At the time of check-in at the hotel, all guests were given a key card, which is placed in a key card holder and which includes the following safety instructions:

1. Don't answer the door to your guest room without verifying who it is. If the person claims to be an employee, call the

front desk and ask if someone from their staff is supposed to have access to your room and for what purpose.

2. Keep your room key with you at all times and don't needlessly display it in public. Should you misplace it, please notify the front desk immediately.

3. Close the door securely whenever you are in your room and use all of the locking devices provided.

4. Check to see that any sliding glass doors or windows and any connecting room doors are locked.

5. Don't invite strangers to your room.

6. Be aware of potential phone scams and prank calls to your guest room. Hotel employees will never request credit card or personal information over the phone, nor will they advise a guest to damage hotel property.

7. Place all valuables in the guest room safe.

8. When returning to your hotel late in the evening, be aware of your surroundings, stay in well-lighted areas and use the main entrance.

9. Take a few moments and locate the nearest exit that may be used in the event of an emergency.

10. If you see any suspicious activity, notify the hotel operator or a staff member.

(Appellant's Amended App. Vol. II, p. 96). All guest room doors at the French Lick Resort are equipped with three separate locking devices. The first security lock automatically locks the door upon closing. The second device is a deadbolt located near the doorknob which a guest has to manually turn to provide additional security. The third security device is a rasp safety lock which a guest simply flips over the closed door.

[5] After checking into her room, Cosgray joined her co-employees in the bar area of the casino for drinks and dinner. The dinner ended between 8:00 and 9:00 p.m., after which everyone went to their room to change before going to the casino. While at the casino, Cosgray played the slot machines for a while and then joined other colleagues in the bar area for dancing. After consuming two or three beers and two additional mixed drinks, Cosgray "felt the effects of the alcohol." (Appellant's Amended App. Vol. II, p. 74). At approximately 2:00 a.m., Cosgray walked back to her hotel room. Because Pomasl intended to join her in her room after he cashed-in his chips at the casino, Cosgray propped her room door open by flipping the rasp lock through the door jamb, preventing the door from completely closing. After changing into sweatpants, Cosgray fell asleep on the bed while waiting for Pomasl.

[6] About two hours later, Cosgray, laying on her stomach, awoke with her sweatpants and underwear pulled down and an unknown man on top of her, vaginally penetrating her. The unknown assailant never said anything and Cosgray did not make any noise. After approximately six minutes, the male left

the room, and Cosgray locked the door. Law enforcement later identified Cosgray's assailant as Javier Urbano Uribe (Uribe).[1]

[7] The criminal investigation later determined that French Lick Resort's employee, Summer Andrews (Andrews), had invited Uribe onto the hotel and casino's property. Andrews was employed in customer service, serving food and beverages to French Lick Resort's guests at the casino. Due to inclement weather conditions, French Lick Resort had provided Andrews with a hotel room. At the conclusion of her shift on December 8, 2013, Andrews clocked out at 1:13 a.m. and left the premises. She visited a local bar where she befriended Uribe and invited him back to her room at the French Lick Resort. After accompanying Uribe into the hotel, and prior to arriving at her room, Andrews rebuked Uribe's advances and left him alone near Cosgray's room.

[8] On December 4, 2015, Cosgray filed a Complaint for damages against French Lick Resort, claiming negligence, vicarious liability, and negligent infliction of emotional distress. On May 9, 2017, French Lick Resort filed a motion for summary judgment and designation of evidence, to which Cosgray responded on July 10, 2017. After conducting a hearing, the trial court granted summary judgment to French Lick Resort, concluding in pertinent part:

> This [c]ourt does now find that, in general, resorts and hotels do not routinely contemplate that an invitee might rape another

---

[1] On December 10, 2013, the State filed an Information, charging Uribe with rape and burglary. Uribe pled guilty to the charge of rape on April 3, 2017.

invitee, nor do they contemplate that an invitee will voluntarily leave their doors open and unlocked all night. In addition, it would be unreasonable to hold a hotel or resort responsible for a rape occurring on its premises, especially given the circumstances of the case before the [c]ourt. [French Lick Resort] does not have a blanket duty to [Cosgray] to protect her from any and all criminal attacks. Thus[,] the [c]ourt finds that in this case, as a matter of law, it is unforeseeable by [French Lick Resort], that [Cosgray] would be sexually assaulted in her room that she intentionally left unlocked and that it would be unreasonable to require that French Lick Resort should have taken any further precautions to avoid such an attack.

(Appellant's Amended App. Vol. II, p. 15).

Cosgray now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. A fact is 'material' for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of

action; a factual issue is 'genuine' if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. 2000). The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *First Farmers Bank & Trust Co.*, 891 N.E.2d at 607. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.*

[11] We observe that, in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

## II. *Analysis*

[12] To recover in negligence, Cosgray must establish: (1) a duty on the part of French Lick Resort to conform its conduct to a standard of care arising from its relationship with Cosgray; (2) a failure on the part of French Lick Resort to conform its conduct to the requisite standard of care; and (3) an injury to

Cosgray proximately caused by the breach. *Jones v. Wilson*, 81 N.E.3d 688, 692 (Ind. Ct. App. 2017).

[13] In this case, the threshold inquiry is whether French Lick Resort owed a duty to its invitee, Cosgray, to protect her from a criminal attack by an unknown assailant while she was in her room on French Lick Resort's premises with her room door intentionally left unlocked. Necessary to our analysis is consideration of two Indiana Supreme Court cases, which "redrew the premises liability landscape." *Hoosier Mountain Bike Ass'n v. Kaler*, 73 N.E.3d 712, 716 n.4 (Ind. Ct. App. 2017). The decisions in *Rogers v. Martin*, 63 N.E.3d 316 (Ind. 2016) and *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384 (Ind. 2016), carefully synthesized years of "less than perfectly lucid" caselaw on premises liability law in Indiana. *Goodwin*, 62 N.E.3d at 387. Reviewing the applicable precedents, *Goodwin* and *Rogers* initially observed that a landowner has a general duty to exercise reasonable care for the invitee's protection while the invitee is on the premises. *Rogers*, 63 N.E.3d at 320. However, our supreme court continued that "although landlords owe invitees a well-established 'duty to protect,' courts must look at one critical element before extending that duty to cases where an invitee's injury occurs not due to a dangerous condition of the land but due to some harmful activity on the premises. That element is foreseeability." *Id.* at 324. That is, while landowners have a duty to take reasonable precaution to protect their invitees from criminal attacks by third parties, there is a foreseeability component in that analysis, requiring the trial

court to decide, in the context of duty, whether the criminal act was foreseeable. *See Jones*, 81 N.E.3d at 693.

[14]    In its decisions, our supreme court distinguished the foreseeability component in the context of duty from the foreseeability component in the context of proximate cause, stating:  "'[T]he foreseeability component of proximate cause requires an evaluation of the facts of the actual occurrence, while foreseeability as a component of duty involves a lesser inquiry which requires a more general analysis of the broad type of plaintiff and harm involved, without regard to the facts of the actual occurrence.'"[2]  *Goodwin*, 62 N.E.3d at 391 (quoting *Goldsberry v. Grubbs*, 672 N.E.2d 475, 479 (Ind. Ct. App. 1996), *trans. denied*); *see also Rogers*, 63 N.E.3d at 325 (foreseeability in duty context is a general threshold determination that "should focus on the general class of persons of which the plaintiff was a member and whether the harm suffered was of a kind normally to be expected—without addressing the specific facts of the occurrence").  The *Goodwin* court further clarified the trial court's task when determining whether a criminal act was foreseeable:

>    But because almost any outcome is possible and can be foreseen, the mere fact that a particular outcome is "sufficiently likely" is not enough to give rise to a duty.  Instead, for purposes of determining whether an act is foreseeable in the context of duty we assess "whether there is some probability or likelihood of

---

[2] In reaching this decision, the *Goodwin* court specifically rejected the totality of the circumstances test when analyzing the foreseeability analysis in the context of duty.  *See Goodwin*, 62 N.E.3d at 389 ("[W]e now recognize that although the 'totality of the circumstances' test is useful in determining foreseeability in the context of proximate causation, it is inappropriate when analyzing foreseeability in the context of duty.")

harm that is serious enough to induce a reasonable person to take precautions to avoid it.

*Goodwin*, 62 N.E.3d at 392.

[15]    Distinguishing *Goodwin*, Cosgray claims that "[t]he broad type of patron at a small neighborhood bar typically stays for a short period of time to drink beverages and socialize. On the other hand, the broad type of patron at issue in the present case stays for an exceedingly longer period of time to play casino games, drink, socialize, and then sleep overnight in guest rooms." (Appellant's Br. p. 16). In *Goodwin*, the plaintiff was socializing at a bar when another patron became angry, produced a handgun, and shot the plaintiff. *Goodwin*, 62 N.E.3d at 392. In its analysis of the bar's duty, our supreme court noted:

> The broad type of plaintiff here is a patron of a bar and the harm is the probability or likelihood of a criminal attack, namely: a shooting inside a bar. But even engaging in a 'lesser inquiry' we conclude that although bars can often set the stage for rowdy behavior, we do not believe that bar owners routinely contemplate that one bar patron might suddenly shoot another.

*Id.* at 393. *See also Martin*, 63 N.E.3d at 326 ("Although house parties can often set the stage for raucous behavior, we do not believe that hosts of parties routinely physically fight guests whom they have invited. Ultimately, it is not reasonably foreseeable for a homeowner to expect this general harm to befall a house-party guest."); *Jones*, 81 N.E.3d at 694-95 (The random criminal attack in the parking lot on a paying spectator at a wrestling match was not foreseeable and therefore no duty was owed); *Powell v. Stuber*, 89 N.E.3d 430, 434 (Ind. Ct.

App. 2017) (No duty was owed to the patron of a bar who "pursued his assailants and grabbed onto the vehicle as it was being driven away."), *reh'g denied.*

[16] Here, Cosgray's injuries resulted from the conduct of a third person. Under the foreseeability test outlined in *Goodwin* and *Roger*s—examining the broad type of plaintiff and the broad type of harm, without consideration of the actual facts— we find that the sexual criminal attack on Cosgray by another invitee in a room left intentionally unlocked was not normally to be expected, and thus not foreseeable, and therefore French Lick Resort did not owe a duty to Cosgray.

[17] Cosgray encourages this court to take into consideration the "ongoing history of assaults and batteries involving injury and a prior reported rape" and the specific security measures to impose a duty on French Lick Resort. (Appellant's Br. p. 16). However, Cosgray's inclination to incorporate the totality of the circumstances into our consideration of the duty element is no longer applicable since our supreme court decision in *Goodwin* and *Martin. See Goodwin*, 62 N.E.3d at 392 (The totality of the circumstances test "is ill-suited to determine foreseeability in the context of duty."). Accordingly, we affirm the trial court's summary judgment for French Lick Resort.

## CONCLUSION

[18] Based on the foregoing, we conclude that French Lick Resort did not owe Cosgray a duty as a matter of law to protect her from a criminal attack by an assailant while on French Lick Resort's premises.

Affirmed.

May, J. and Mathias, J. concur