In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 19-1529

LINDA WALDON and STEVE WALDON,

*Plaintiffs-Appellants*,

*v.*

WAL-MART STORES, INC., Store Number 1655,

*Defendant-Appellee*.

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:17-cv-03673-JRS-MPB — **James R. Sweeney**, **II**, *Judge*.

———————

ARGUED SEPTEMBER 25, 2019 — DECIDED NOVEMBER 26, 2019

———————

Before RIPPLE, ROVNER, and BRENNAN, *Circuit Judges*.

BRENNAN, *Circuit Judge*. While shopping at a Wal-Mart store, Linda Waldon believes she slipped on a plastic hanger and fell causing her injuries. Under Indiana premises-liability law, a defendant must have actual or constructive knowledge of a condition on the premises that involves an unreasonable risk of harm to an invitee. After discovery, the district court concluded there was no evidence Wal-Mart knew of such a condition and granted it summary judgment. We review this

decision, and we consider whether photographs the Waldons rely on to show store conditions have been intentionally altered, requiring sanctions against the Waldons' counsel.

## I.

On New Year's Day 2017, Linda Waldon was shopping at the Crawfordsville, Indiana Wal-Mart store. She claims plastic hangers had fallen on the floor beneath and around a rack of clothes she was examining. She says she stepped on a hanger, her foot slid, and she fell backward onto the floor. As a result, she suffered back, neck, and head injuries requiring medical care. Her husband Steve alleges his wife's injuries caused him to suffer the loss of consortium and companionship. The Waldons brought this action against Wal-Mart in Indiana state court, alleging Wal-Mart failed to provide a safe environment for its shoppers and is liable for their injuries. Wal-Mart timely removed this case to federal court.[1]

During discovery, Wal-Mart employees submitted affidavits declaring that no Wal-Mart employee was notified of any potential hazards on the floor, including hangers, where Linda Waldon fell. Wal-Mart instructs its employees to "zone" their work areas—to walk through their departments, visually inspect the floor, and pick up and return items to their proper places—before and after breaks and during their

---

[1] Wal-Mart removed the case under 28 U.S.C. § 1441(b)(1). The district court had diversity subject matter jurisdiction under 28 U.S.C. § 1332, as the Waldons are Indiana citizens, Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas, and the amount in controversy exceeds $75,000 exclusive of interest and costs as to each Waldon individually.

shifts. One employee averred she visually inspected the clothing racks where Linda Waldon was shopping approximately five to ten minutes before her fall. That employee did not see any hangers, debris, or other potential slip or trip hazards on the floor.

In Linda Waldon's deposition she conceded she had no evidence or personal knowledge of:

- how long a hanger was on the floor before she fell;

- the last time an employee inspected the department and clothing racks before she fell; or

- that Wal-Mart knew a hanger was on the floor before she fell.

Wal-Mart moved for summary judgment relying on its employees' affidavits and Linda Waldon's deposition responses (among other evidence). The district court found that Wal-Mart presented evidence it had no actual knowledge of the purportedly dangerous conditions. Contending the Wal-Mart employees lied, the Waldons submitted two photographs allegedly depicting "substantial debris" where Linda Waldon fell. But the district court disregarded the photos because the Waldons failed to show that the conditions in the photos were the same or similar to those on January 1, 2017. Of the two photos the Waldons relied on at the summary judgment stage, one was undated, and the second bore two date stamps of January 12, 2017, eleven days after the fall.[2]

---

[2] The photographs are located at district court Docket Entry 35-2 and 35-3.

The district court also found that the Waldons had offered no evidence Wal-Mart had constructive knowledge of a hazardous condition where Linda Waldon fell. The photographs could not support that inference. And the employee's statement that shortly before the fall she "did not observe any hangers, debris or other potential slip or trip hazards on the floor" precluded a reasonable jury from finding that Wal-Mart constructively knew a hanger had fallen on the floor.

For these reasons, the district court concluded that Linda Waldon's premises-liability claim failed as a matter of law, and it entered summary judgment for Wal-Mart.[3] The Waldons chose to appeal, did so timely, and this court has jurisdiction in this case under 28 U.S.C. § 1291.

## II.

We review the grant of summary judgment de novo, construing all facts and drawing all inferences in the light most favorable to the non-moving party. *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087 (7th Cir. 2018). A court is to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Supreme Court instructs that Rule 56 "mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[3] Because Steve Waldon's loss of consortium claim derives from his wife's personal injury claim, the district court also granted Wal-Mart summary judgment on his claim.

Because this case is before us under diversity jurisdiction, state substantive law applies, *Austin*, 885 F.3d at 1088, here Indiana law.

**A.**

Linda Waldon's claim is based on the negligence theory of premises liability under Indiana law. The first step is to assess her status as a visitor: trespasser, licensee, or invitee. *Rhoades v. Heritage Invs., LLC*, 839 N.E.2d 788, 791 (Ind. Ct. App. 2005). "[A] person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land" is a business invitee. *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991).[4] The parties agree that when Linda Waldon fell, she was a business invitee at Wal-Mart.

Under Indiana premises-liability law, a landowner owes a business invitee "a duty to exercise reasonable care for their protection while they remained on the premises." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). Duty of care is an element in every negligence claim, as is the breach of that duty and the fact that the breach caused the injury. *Powell v. Stuber*, 89 N.E.3d 430, 433 (Ind. Ct. App. 2017). Restatement (Second) of Torts § 343 (1965) delineates this duty:

---

[4] In *Burrell* the Indiana Supreme Court examined premises-liability law generally, and how Indiana courts have pronounced a landowner's duties to guests. It adopted Restatement (Second) of Torts § 343 as the "best definition" of the landowner-to-invitee duty, 569 N.E.2d at 639, and adopted Restatement (Second) of Torts § 322 as the definitions of public and business invitees. 569 N.E.2d at 642.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* Each of the three elements must be present. *Rogers v. Martin*, 63 N.E.3d 316, 322 (Ind. 2016). Here, the district court considered and resolved the summary judgment motion on the first element, which requires the landowner to have "actual or constructive knowledge of a condition on the premises that involves an unreasonable risk of harm to invitees." *Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011). So at issue is whether Wal-Mart had actual or constructive knowledge of a hanger on the floor that created an unreasonable risk of harm to Linda Waldon.

Wal-Mart submitted evidence that it did not have actual knowledge of the hanger on the floor. The employees working when Linda Waldon fell said under oath that no Wal-Mart employee was aware of the existence of any potential hazards on the floor, including the hanger. Even the Waldons admit Wal-Mart's employees never received notice from any non-employee of the hanger. And Linda Waldon offered no evidence as to how the hanger ended up on the floor before her

fall, how long it was there, or whether Wal-Mart knew the hanger was on the floor.

The district court also concluded that Wal-Mart did not have constructive knowledge of the hanger. Indiana courts have found constructive knowledge when a condition "has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz*, 963 N.E.2d at 1144 (quoting *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992)). Approximately five to ten minutes before Waldon's fall, an employee visually inspected the area where Waldon fell and did not observe any hangers, debris, or other potential hazards on the floor. Given this short time frame between inspection and fall, the district court properly concluded no reasonable jury could find Wal-Mart had constructive knowledge of the hanger on the floor.

Indiana courts consistently grant summary judgment to landowners when, just before a fall, as in this case, an employee inspected a location and found no potential hazard. *Schulz*, 963 N.E.2d at 1145 (granting summary judgment in store's favor when an employee inspected area five to ten minutes before alleged fall and did not observe any potential hazards); *Robinson v. Kroger*, 2014 WL 3405874, at *4 (S.D. Ind. July 10, 2014) (finding no issue of fact on constructive knowledge where foreign substance that caused plaintiff's fall was found to be present less than ten minutes); *Williams v. Meijer, Inc.*, 2013 WL 3146981, at *3 (S.D. Ind. June 18, 2013) (finding no issue of fact on constructive knowledge where slip-and-fall area had been inspected seven to twelve minutes before the plaintiff's fall).

The Waldons contend the district court incorrectly applied Fed. R. Civ. P. 56(e) when it uncritically accepted the statements of the Wal-Mart employees and failed to recognize their credibility issues. The Waldons insist Wal-Mart's employees should not be believed, including their statements on "zoning" the area of the store where Linda Waldon fell. A finder of fact should assess the witnesses' believability, the Waldons submit. And they question the credibility of the Wal-Mart employees' affidavits given "the substantial debris identifiable in photos of the scene at the time of Plaintiff's injury. … the photos are from January 1, 2017, the date of injury."[5]

None of the Waldons' arrows hit their mark, and their reliance on the photographs, which appear to have been altered on appeal, exposes their counsel to possible sanctions, as discussed below.

Wal-Mart's evidence entitled it to summary judgment, and the Waldons' challenges to the Wal-Mart employees' credibility are insufficient to overturn the district court's decision. The Waldons offer no evidentiary support for their assertion that the Wal-Mart employees' affidavits were incredible, self-serving statements that cannot support summary judgment. *See Sears, Roebuck & Co. v. Goldstone & Sudalter*, 128 F.3d 10, 18 (1st Cir. 1997) (concluding non-moving party's claim that competent witness on summary judgment record was biased did not satisfy the party's burden to set forth specific facts showing that a genuine issue existed). Criticizing the credibility of the movant's affiants, alone, is not enough to avoid summary judgment. "[W]hen challenges to witness' credibility

---

[5] Br. of Plaintiffs-Appellants, Linda Waldon and Steve Waldon 15, ECF No. 20.

are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (emphasis in original); *see also Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998) ("[T]he prospect of challenging a witness' credibility is not alone enough to avoid summary judgment.").

A strict liability standard does not apply here; an employee need not be present in each store aisle at all times. Wal-Mart's zoning policy and procedure addressed potential slip hazards. Because the Waldons cannot show there is a genuine issue of material fact that Wal-Mart knew "or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees," *Schulz*, 963 N.E.2d at 1144 (quoting RESTATEMENT (SECOND) OF TORTS § 343), their case cannot survive summary judgment. So we affirm the district court's grant of summary judgment to Wal-Mart.

### B.

As just evaluated, the Waldons' appeal is not strong. Wal-Mart has moved for sanctions against the Waldons for prosecuting a frivolous appeal:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

FED. R. APP. P. 38. Wal-Mart included its motion within its brief, not separately, so we do not consider it. *See* FED. R. APP. P. 38 advisory committee's notes to 1994 amendments ("A

statement inserted in a party's brief that the party moves for sanctions is not sufficient notice."); *Matter of Lisse*, 921 F.3d 629, 645 (7th Cir. 2019) (denying request for attorneys' fees due to failure to present a separately filed motion).

At oral argument, we raised with the parties' counsel a troubling point: Waldons' counsel appeared to have altered photographs from the district court record which depict the location of the fall. We ordered the parties' counsel to file sur-replies addressing whether the photographs had been altered, and if they had, who made the changes and why.

Waldons' counsel admits the date stamps were deleted when the photos were reproduced in their separate appendix for this court. Counsel places the responsibility for "the differing markings" on a legal assistant who created the appendix and claims that when the photos were scanned in their office the date stamp disappeared. But legal ethical rules impose broad supervisory responsibilities on attorneys over their staff, and prohibit lawyers from disavowing responsibility for an assistant's conduct. *See* IND. RULES OF PROF'L CONDUCT 5.3; D. Richmond, *Watching Over, Watching Out: Lawyers' Responsibilities for Nonlawyer Assistants*, 61 KANSAS L. REV. 441, 442 (2012).

Wal-Mart does not buy Waldons' counsel's account and provides persuasive evidence that the photographs were intentionally altered. Wal-Mart points out several obvious differences between the photos before the district court and those reproduced in the appellate appendix.[6] One photo was

---

[6] Sur-Rep. Br. of Defendant-Appellee Wal-Mart Stores, Inc., ECF No. 35-1, *compare* Ex. 1 *with* Ex. 2.

cropped to remove entirely the January 12, 2017 date stamps.[7] In a 248-page separate appellate appendix, the pages with the altered photographs are the only two with handwritten page and exhibit numbers and without the district court's filing information across the top of the page. The explanation offered by Waldons' counsel for the alterations of the photos lacks credibility.

Even more distressing is Waldons' counsel's representations to this court about these photographs. The Waldons contend the photos are their "best evidence" of actual and constructive notice.[8] In the Waldons' appellate brief their counsel repeatedly says the photos are from the date of her injuries.[9] And at least twice at oral argument Waldons' counsel misrepresented[10] that the photographs were taken the day of the incident.[11] His untruthful statements to this court in

---

[7] *Id.*

[8] Oral Argument at approximately 4:30.

[9] Br. of Plaintiffs-Appellants Linda Waldon and Steve Waldon, ECF No. 20 p. 13 ("[T]he floor was littered by fallen merchandise under and around the adjoining racks *as shown by the Walmart photograph*.") (emphasis added); p. 15 ("[T]he substantial debris identifiable in photos of the scene at the time of Plaintiff's injury. And while *the photos are from January 1, 2017, the date of injury*.") (emphasis added); p. 18 ("Constructive notice is clearly established when photographs are observed. This mess must have collected for more than 15 minutes before her fall and the fact that Wal-Mart can have and produce this photo and still deny accumulating dropped bits of lingerie and plastic hangers is incredible.")

[10] Oral Argument at 5:08-8:05, especially 5:33-5:40 and 6:25-6:30.

[11] Even after Wal-Mart's counsel and this court questioned the timing and authenticity of the photos, in sur-reply Waldons' counsel states the

writing and at oral argument about when the photographs were taken and that they depict the fall location on January 1, 2017 trouble us considerably, including because the Waldons rely so heavily on the photos in this appeal.

After review of the entire record, including the parties' sur-replies, we conclude Waldon's counsel intentionally altered the photographs previously submitted in the district court record and replaced them with copies of the photos without date stamps, as well as misrepresented to the court that these photographs were taken on and depict the fall site at the Wal-Mart on January 1, 2017.

This court may discipline an attorney:

> for conduct unbecoming a member of the bar or for failure to comply with any court rule. First, however, the court must afford the attorney reasonable notice, an opportunity to show cause to the contrary, and, if requested, a hearing.

FED. R. APP. P. 46(c). "Conduct unbecoming a member of the bar" under this rule has "been understood to involve significant elements of aggravation, such as deliberately misleading the court or displaying egregious misjudgment." *In re Lightfoot*, 217 F.3d 914, 916 (7th Cir. 2000). Waldons' attorney's conduct warrants discipline. *See, e.g.*, *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 566 (7th Cir. 2007) (ordering plaintiff's attorney to show cause why he should not be disciplined for deliberately concealing documents); *Cleveland Hair Clinic v. Puig*, 200 F.3d 1063, 1069–70 (7th Cir. 2000) (ordering attorney

---

date stamps "do not date the <u>taking</u> of the photo." Appellants' Sur-Rep. 2, ECF No. 34-1. (emphasis in original).

to show cause why he should not be sanctioned for attempt-ing to mislead the court by taking a footnote out of context); *In re Galvan*, 92 F.3d 582, 584–85 (7th Cir. 1996) (warning that fines will be enforced for making misrepresentations to the court); *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989) (fining appellant's attorney $1,000 for submitting state-ments in his brief that were "not well-grounded in fact or law").

We order Waldons' counsel, James E. Ayers, to show cause within 14 days of the date of this decision why he should not be sanctioned under Rule 46 of the Federal Rules of Appellate Procedure for altering the photographs and misrepresenting the record to this court. Additionally, after considering Waldons' counsel's response, we will decide whether to forward a copy of this opinion to the Indiana Supreme Court Disciplinary Commission for it to consider whether to institute disciplinary proceedings against him.

AFFIRMED WITH ORDER TO SHOW CAUSE