NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 8, 2020
Decided February 7, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2566

| | |
|---|---|
| LEE TILL, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:18-cv-00127 |
| DOLGENCORP, LLC and | |
| DOLGENCORP INC. d/b/a | Tanya Walton Pratt, |
| DOLLAR GENERAL, | *Judge*. |
|     *Defendants-Appellees*. | |

**O R D E R**

Lee Till filed this negligence action against discount merchandiser Dollar General after he was injured delivering merchandise to one of its stores. The district court entered summary judgment for Dollar General. *Till v. Dolgencorp, LLC*, 2019 WL 3208121 (S.D. Ind. July 16, 2019). Till appeals, but because he has not shown that Dollar General owed him a duty of care, we affirm.

## I.

Till worked as a delivery truck driver for U.S. Xpress, which had contracted to deliver merchandise, supplies, and other items to Dollar General stores from the Dollar General distribution center in Marion, Indiana. In practice, Dollar General would pack the merchandise into "roll-tainers" (tall, cage-like containers on wheels), and then load these roll-tainers into trailers which were sealed shut once ready for delivery. A U.S. Xpress driver would then pick up a trailer and proceed to deliver the contents to Dollar General stores. On arrival at each store, a store manager (or designee) would unseal the trailer, indicate where the driver was to deliver the roll-tainers, and the driver would then unload the roll-tainers from the trailer and roll them into the store.

On May 28, 2016, Till was pushing a roll-tainer up a ramp into a Dollar General store in Mooresville, Indiana. He alleges that the roll-tainer was top-heavy: It was filled with packs of bottled water positioned above the halfway point of the roll-tainer, which he asserts was against warehouse loading practices as it increased the likelihood that the roll-tainer might wobble or tip over. (Dollar General conducts random inspections of loaded roll-tainers at the warehouse to catch such problems, but apparently this roll-tainer was not inspected.) As Till pushed the roll-tainer over the threshold or "lip" of the service entrance into the store, the roll-tainer "bucked back" against him, causing him to fall to his knees. When the roll-tainer began to roll toward him, he attempted to push it off to his right side, but his arm became stuck in the cage of the roll-tainer and was pulled from its socket.

Pursuant to the contract between Dollar General and U.S. Xpress, U.S. Xpress operated as an independent contractor and was to have exclusive control and direction of the persons operating equipment and making the delivery of Dollar General's merchandise. As such, it was the responsibility of U.S. Xpress to ensure that its drivers were properly trained in the unloading and delivery of the roll-tainers. Till asserts, however, that drivers were not permitted to unpack and reorganize the contents of the roll-tainers, although Dollar General disputes this averment. Nonetheless, as noted above, the loaded trailers are sealed when the drivers take possession of them for delivery, and it is only the Dollar General store managers who unseal the trailers when they arrive at each store. (The managers then re-seal the trailers after each delivery is completed.)

Till sued Dollar General for negligence in Indiana state court, and Dollar General removed the case to federal court based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1332. Dollar General moved for summary judgment solely on the element of duty, arguing that it had no duty of care as to U.S. Xpress and its drivers given the

status of U.S. Xpress as an independent contractor. R. 48. In response to the motion, Till relied on the doctrine of *res ipsa loquitur* to establish Dollar General's negligence. His theory was that because Dollar General was solely responsible for pre-packing the roll-tainer which injured him, and that a properly packed roll-tainer should not "buck back," negligence could be inferred simply from the way in which the incident unfolded. R. 71.

The district court granted summary judgment to Dollar General. Judge Pratt relied in the first instance on the general rule that an employer (in this case, Dollar General) owes no duty to supervise the work of an independent contractor to ensure a safe workplace. 2019 WL 3208121, at *3. Here, the contract between Dollar General and U.S. Xpress "clearly placed responsibility on U.S. Xpress for unloading the roll-tainers from the trailers and for properly training its truck drivers on the procedures of unloading the roll-tainers. Furthermore, none of the exceptions to the general rule that no duty is owed from an employer to an independent contractor applies in this case." *Id.*, at *5.

As to Till's *res ipsa loquitur* argument, the court held that theory to be unavailing, because although Dollar General may have had sole responsibility for packing and inspecting the roll-tainers and loading them into a trailer, "the undisputed facts also show that Dollar General relinquished all control over the trailer and roll-tainers to U.S. Xpress and Till when Till picked up the trailer. Till maintained control over the roll-tainers until they were placed inside the Dollar General store." *Id.*, at *6. Thus, it could not be said that Dollar General exercised exclusive control over the instrumentality of Till's injury (*i.e.*, the top-heavy roll-tainer) as would be required to prevail under a *res ipsa loquitur* injury. *Id.*

## II.

We review the district court's summary judgment decision de novo, construing the record evidence in the light most favorable to Till, as the non-movant. *E.g.*, *Youngman v. Peoria Cnty.*, — F.3d —, 2020 WL 399040, at *3 (7th Cir. Jan. 24, 2020). We may affirm on any ground supported by the record, so long as it was properly raised below. *Id.*

As noted, Dollar General's summary judgment motion was focused exclusively on whether it owed a  driver for U.S. Xpress, an independent contractor, any duty of care. In responding to that motion, Till's memorandum ignored that issue and skipped ahead to the question of whether Dollar General was negligent. That was the obvious aim of his *res ipsa loquitur* theory. Under Indiana law, *res ipsa loquitur* is an evidentiary doctrine that permits an inference of negligence to be drawn from certain key facts:

(1) the instrumentality of the plaintiff's injury was within the exclusive management and control of the defendant, and (2) the accident was of the type that ordinarily would not happen if those who have management and control exercise due care. *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 642–43 (7th Cir. 2006). But the existence of a duty of care is a separate and threshold question. "Duty of care is an element in every negligence claim, as is the breach of that duty and the fact that the breach caused the injury." *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 822 (7th Cir. 2019) (citing *Powell v. Stuber*, 89 N.E.3d 430, 433 (Ind. Ct. App. 2017)); *see also Webber v. Butner*, 923 F.3d 479, 482 (7th Cir. 2019) (Indiana law); *Austin v. Walgreen Co.*, 885 F.3d 1085, 1088 (7th Cir. 2018) (Indiana law). "Absent duty, there can be no negligence." *Ryan v. TCI Architects/ Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017) (citing *Peters v. Forster*, 804 N.E.2d 736, 738 (Ind. 2004)); *Ebbinghouse v. FirstFleet, Inc.*, 693 N.E.2d 644, 647 (Ind. Ct. App. 1998); *see also Salata v. Coca-Cola Refreshments USA, Inc.*, 2016 WL 1623292, at *6 (N.D. Ill. April 25, 2016) (St. Eve, J.) (*res ipsa loquitur* doctrine does not apply unless duty of care is owed to plaintiff). So unless Dollar General owed Till a duty of care under Indiana law, it does not matter whether or not Dollar General was negligent in packing the roll-tainer.

As Dollar General has argued below and on appeal, given the status of U.S. Xpress as an independent contractor, the general rule is that Dollar General bore no duty of care to U.S. Xpress and its employees. *See, e.g., Marks v. N. Ind. Pub. Serv. Co.*, 954 N.E.2d 948, 952 (Ind. Ct. App. 2011); *Beta Steel v. Rust*, 830 N.E.2d 62, 69–70 (Ind. Ct. App. 2005); *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1264 (Ind. Ct. App. 2002); *cf. Ebbinghouse*, 693 N.E.2d at 647–48 (trucking company was not employer of distributor's warehouse worker and had no general duty to provide her with safe work environment). There are exceptions to that rule. *See, e.g., id.* at 647 ("a duty may exist if a certain set of facts is found, notwithstanding that the law does not recognize a general direct duty based upon the parties' legal relationship"); *Marks*, 954 N.E.2d at 952–53 (principal may be charged with duty to independent contractor by law or contract); *Merrill*, 771 N.E.2d at 1265 (landowner is under duty to keep property in reasonably safe condition for business invitees, including employees of independent contractor). But in opposing Dollar General's summary judgment motion, Till did not develop an argument that any such exception applied. The closest he came to making a duty-focused argument was in pursuing his *res ipsa loquitur* theory, wherein he argued that Dollar General exercised exclusive control over the packing and contents of the roll-tainers. But he did not explain why, as the packer of the roll-tainers, Dollar General assumed a duty of care vis-à-vis U.S. Xpress and its drivers. The existence of a duty is a distinct issue, and we do not regard it as so "logically intertwined" with the elements of

Glover's *res ipsa loquitur* theory that having developed the latter Glover may be said to have developed and preserved an argument as to duty as well. *Cf. Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 826 (7th Cir. 1986).

On appeal, Till has argued that Dollar General owed him a duty of care as a matter of public policy and common law, and that this duty extended both to the proper packing of the roll-tainers and the safety of the store premises where the roll-tainers were delivered. Till argues that Dollar General assumed a duty to pre-pack the roll-tainers by exercising exclusive control over the packing process and by having in place practices as to the proper packing of containers and inspections aimed at detecting improperly-packed roll-tainers. He further argues that because it was Dollar General's responsibility to ensure that its store premises were safe for business invitees (including delivery drivers), Dollar General owed him a duty to ensure that there was no obstacle that might cause a roll-tainer to "buck back" when a driver was attempting to deliver the roll-tainer into the store.

None of these arguments was made below, and therefore Till waived them. *E.g., Sauk Prairie Conservation Alliance v. U.S. Dep't of Interior*, 944 F.3d 664, 673 (7th Cir. 2019). And because establishing that Dollar General owed him a duty of care was an essential element of Till's negligence claim, his failure to address this element in response to the summary judgment motion compelled the entry of summary judgment in Dollar General's favor. *See Youngman*, 2020 WL 399040, at *3.

### III.

The district court's judgment is AFFIRMED.